## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA

| | |
|---|---|
| AJAY KAJARIA, Individually and On Behalf of All Others Similarly Situated, | Case No. 1:10-cv-03141-JOF |
| Plaintiff, | |
| v. | |
| HOWARD S. COHEN, RICHARD S. GRANT, GEORGE R. JUDD, CHARLES H. McELREA, RICHARD B. MARCHESE, STEVEN F. MAYER, ALAN H. SCHUMACHER, MARK A. SUWYN, ROBERT G. WARDEN, M. RICHARD WARNER, BLUELINX HOLDINGS INC., CERBERUS ABP INVESTOR LLC and CERBERUS CAPITAL MANAGEMENT, L.P., | **JURY TRIAL DEMANDED** |
| Defendants. | |

## PLAINTIFF'S MOTION TO EXPEDITE PROCEEDINGS WITH MEMORANDUM OF LAW IN SUPPORT THEREOF

# I.    INTRODUCTION

Plaintiff Ajay Kajaria ("Plaintiff"), respectfully submits the following Motion to Expedite Discovery Proceedings.  Plaintiff in this case is a shareholder of BlueLinx Holdings Inc. ("BlueLinx" or the "Company"), a building products distribution company.  ¶ 6.[1]  Due to the extremely truncated schedule of events in this case, as described below, Plaintiff seeks an order of this Court expediting all discovery proceedings in this action and setting a schedule for the filing of a motion for a preliminary injunction and any responses thereto.  As stated below, Plaintiff has good cause to warrant expedited discovery proceedings before a conference takes place under Fed. R. Civ. P. 26.

# II.    STATEMENT OF FACTS

This case concerns an attempt by Cerberus ABP Investor LLC, ("CAI"), and Cerberus Capital Management, L.P. ("Cerberus"), which controls CAI, to acquire all of the outstanding shares of BlueLinx which CAI does not already own (the "Proposed Transaction") pursuant to a tender offer (the "Tender Offer").  ¶ 1. Currently, CAI owns 55.39% of the outstanding shares of the Company. ¶ 36. Under the terms of the Tender Offer, tendering BlueLinx shareholder will receive $4.00 in cash per share, and CAI will acquire any shares not purchased in the Tender Offer in a second-step merger at the same price per share paid in the

---

[1] All references to "¶__" herein shall be to the corresponding paragraphs of Plaintiff's Complaint filed on September 30, 2010 (the "Complaint").

Tender Offer.  ¶¶ 2, 39.  The offered consideration does not adequately compensate BlueLinx shareholders and the Amended Schedule 14D-9 Recommendation Statement ("Amended Recommendation Statement") filed with the SEC on September 27, 2010 contains material omissions, so BlueLinx shareholders are unable to make a fair and fully informed decision regarding the tender of their shares.  ¶¶ 37-39, 49, 53-59.  Time is of the essence as the Tender Offer is slated to expire at midnight on October 8, 2010. ¶ 1.

A.    The Unfair Price

Plaintiff alleges that the value to BlueLinx' shareholders contemplated in the Proposed Transaction is fundamentally unfair to Plaintiff and the other shareholders of the Company.  ¶¶ 36-38.  The Company was negatively impacted by the global financial crisis, with the stock currently trading well below its initial public offering price and its 52-week high.  ¶¶ 36, 49.   BlueLinx, however, is currently poised for growth, but the consummation of Proposed Transaction will prevent the Company's shareholders from reaping the potential gains.  CAI and Cerberus, which already own a majority of the outstanding shares of BlueLinx and control half the seats of the Company's Board, with the aid of the Individual Defendants[2], will gain the windfall for themselves.

---

[2]   The members of BlueLinx's Board of Directors are defendants Howard S. Cohen, Richard S. Grant, George R. Judd, Charles H. McElrea, Richard B. Marchese, Steven F. Mayer, Alan H.

B.    Material Omissions and Misleading Statements in the Disclosure Documents

Further, and critically, Plaintiff contends that the Amended Recommendation Statement omits material information necessary for shareholders to make an informed decision as to whether to tender their shares in the Tender Offer.  ¶¶ 53-59.  Hence, if the Tender Offer is concluded as proposed on October 8, 2010, Plaintiff's claims will suffer a practical blow and Plaintiff and all BlueLinx shareholders will have been denied their fundamental right to make an informed decision.

Plaintiff's Complaint lays out in detail the material information that has been omitted from the Amended Recommendation Statement.   In particular, the Amended Recommendation Statement is deficient and should provide, *inter alia*, the following:

(a)    A description of the criteria and multiples observed by the Company's financial advisor Citadel Securities LLC ("Citadel") for each company in its *Comparable Companies Analysis.* Further, a description for selecting a narrow reference range of multiples ranging from 5.0x to 10.0x Enterprise Value/Adjusted EBITDA in the analysis.

(b)    A description of the multiples observed by Citadel for each company in its *Precedent Transaction Analysis.* Further, a description for selecting

---

Schumacher, Mark A. Suwyn, and Robert G. Warden (collectively, the "Individual Defendants").

a narrow reference range of multiples ranging from 5.0x to 8.0x Enterprise Value/Adjusted EBITDA in the analysis.

(c)     A description of the criteria, companies and premia observed by Citadel for each company in its *Premia Paid Analysis.* Further, a description for selecting a narrow reference range of premia ranging from 35% to 50% used in the analysis.

(d)     A description of whether the *Discounted Cash Flow Analysis* included consideration of stock-based compensation.

(e)     The free cash flow numbers used by Citadel in the computation of the *Discounted Cash Flow Analysis* or the capital expenditure numbers and changes in working capital utilized by Citadel in the same analysis.

(f)     A description of the criteria to select a discount rate of 8% to 10% used by Citadel in its *Discounted Cash Flow Analysis.*

(g)     The complete "Stretch Plan" for 2010 which was provided to CAI.

(h)     Information regarding the sales process leading up to the Proposed Transaction including information regarding the third party who executed a confidentiality and standstill agreement but indicated that it was not interested in pursuing discussion before receiving any confidential materials.

(i)     A description of what services, if any, Citadel provided to the Company, CAI, or Cerberus in the past two years as well as the fees received for such services and also fails to disclose what fee Cerberus will received in connection with its engagement by the Special Committee.

Accordingly, Plaintiff has brought suit alleging that the Company's directors breached the fiduciary duties they owe to Plaintiff and the other shareholders of the Company by, *inter alia*, preventing them from receiving the fair value of their interest in the Company and depriving them of full and fair disclosures.  Plaintiff alleges that he and the Company's other shareholders will suffer irreparable harm if the Individual Defendants continue to breach their fiduciary duties.

For this reason, Plaintiff requests leave of this Court to obtain disclosure from the defendants on an expedited basis in anticipation of moving for a preliminary injunction to halt consummation of the Proposed Transaction.  Indeed, following the expiration of the Tender Offer on October 8, 2010 and consummation of the Proposed Transaction, Plaintiff and absent class members will be forever foreclosed from making a meaningful informed decision as to whether the Tender Offer is fair and whether to relinquish their shares of stock to CAI for the proposed consideration.  Thus, the defendants must be ordered to participate in discovery on an expedited basis to give Plaintiff adequate time to

build an evidentiary record to support his motion for a preliminary injunction and prevent the Proposed Transaction from being consummated.

## III.   ARGUMENT

Plaintiff has good cause to warrant expedited discovery proceedings before a conference takes place under Fed. R. Civ. P. 26(f).  Given the extremely limited time frame until the expiration of the Tender Offer, the ordinary course of discovery proceedings under the Federal Rules of Civil Procedure would be inappropriate since, by the time discovery responses are due, the Proposed Transaction may have closed.  Further, defendants will face no prejudice if discovery proceedings are expedited.   Plaintiff requests very limited discovery related only to the Proposed Transaction which will take relatively little effort to gather and produce.

## A.   Legal Standard for Expedited Discovery

Although "[d]iscovery is normally barred prior to the Rule 26(f) conference. . . [a] court may allow discovery before the Rule 26(f) conference upon a showing of 'good cause.'" *Platinum Mfg. Int'l, Inc. v. Uninet Imaging, Inc*., No. 08-cv-310-T-27MAP, 2008 U.S. Dist. LEXIS 27994, at *3-4 (M.D. FL. April 4, 2008)**.** *See GE Seaco Servs. v. Interline Connection, N.V*., No. 09-23864, 2010 U.S. Dist. LEXIS 35367 (S.D. FL. March 17, 2010); *Renaud v. Gillick*, No. 06-1304, 2007 U.S. Dist. LEXIS 98319, at *4-5 (W.D. Wash. Jan. 8 2007) ("[Fed. R. Civ. P.

26(d)] recognizes that expedited discovery may occur when authorized by court order."); *see also Farnsworth v. Procter & Gamble Co.,* 101 F.R.D. 355, 357 (N.D. GA. 1984) ("Rule 26(c) permits a court, for good cause shown, to enter 'any order which justice requires to protect a party or persons from annoyance, embarrassment, oppression, or undue burden or expense. . . .'").

Expedited discovery has been ordered where, as here, a party is seeking a preliminary injunction**.** *El Pollo Loco, S.A. de C.V. v. El Pollo Loco, Inc.,* 344 F. Supp. 2d 986, 991 (S.D. TX. 2004) (**"**Expedited discovery would be appropriate in cases involving preliminary injunctions. . . . "); *Arista Records LLC v. Does 1-19*, No. 07-cv-0971-TS, 2008 U.S. Dist. LEXIS 2393, at *3 (D. Utah Jan. 11, 2008) (accord); *Interscope Records v. Doe 1-14*, No. 07-4107, 2007 U.S. Dist. LEXIS 73627, at *3-4 (D. KS October 1, 2007).

Here, Plaintiff amply meets his burden.

## B.    Good Cause Exists for Expedited Discovery

Good cause exists to expedite discovery because the defendants have indicated that they are ready, willing and able to consummate the Proposed Transaction and the Tender Offer is slated to expire at midnight on October 8, 2010.  Time is plainly of the essence.  If Plaintiff is forced to wait several weeks or months until the defendants decide to participate in a Rule 26(f) meeting of the parties to serve notices of deposition and requests for the production of documents,

weeks could pass with no substantive activity having taken place.   Further, Plaintiff and the BlueLinx shareholders face irreparable harm if the Tender Offer closes without access to full accurate information regarding the Proposed Transaction.   Expedited discovery is, therefore, appropriate because: (i) discovery in the usual course will prevent an open evaluation of the Proposed Transaction and allow the buyout to continue unchecked; and (ii) the discovery requested is of vital importance to the injunctive relief Plaintiff intends to seek; (iii) the delayed granting of discovery here would amount to the denial of any meaningful discovery at all and lead to the irreparable harm of Plaintiff and the Class; (iv) defendants would not suffer any prejudice by the granting of the requested relief; and (v) Plaintiff has been diligent in seeking expedited discovery.

In the Delaware Court of Chancery, which regularly deals with issues involving corporate transactions such as this one, "[a] party's request to schedule an application for a preliminary injunction, and to expedite the discovery related thereto, is normally routinely granted.  Exceptions to that norm are rare." *See In re Int'l Jensen S'holders Litig.*, No. 14992, 1996 Del. Ch. LEXIS 77, at *1-2 (Del. Ch. July 16, 1996); *Next Level Commc'ns, Inc. v. Motorola, Inc.*, 834 A.2d 828 (Del. Ch. 2003); *In re Aquila, Inc. S'holders Litig.*, 805 A.2d 184 (Del. Ch. 2002); *In re Pure Res., Inc., S'holders Litig.*, 808 A.2d 421 (Del. Ch. 2002); *In re*

*Siliconix Inc., S'holders Litig.*, No. 18700, 2001 Del. Ch. LEXIS 83 (Del. Ch. June 19, 2001).

Furthermore, courts have recognized the special need for expedited proceedings in cases like this where wrongdoing is alleged in a corporate acquisition. *See Grimes v. Vitalink Commc'ns Corp.*, 17 F.3d 1553, 1555 (3d Cir. 1994) (expedited discovery permitted in suit concerning allegations that defendants breached their fiduciary duties in approving a merger); *F.T.C. v. Univ. Health, Inc.*, 938 F.2d 1206, 1210 (11th Cir. 1991) (expedited discovery allowed in case where the Federal Trade Commission sought an injunction to prevent defendants from consummating an asset acquisition); *Ronson Corp. v. Liquifin Aktiengesellschaft*, 483 F.2d 846, 848 (3d Cir. 1973) (district court directed expedited discovery in case involving allegations that defendants made misrepresentations and omissions in connection with a proposed acquisition). In such circumstances, the slower pace of normal pretrial discovery will always prejudice the party seeking injunctive relief because by the time responses are due and depositions are taken, the challenged transaction may be completed.

If Plaintiff must proceed under the normal discovery deadlines, he will not obtain the requested discovery for weeks, if not months. Such delay in obtaining discovery will materially prejudice (if not preclude) Plaintiff's ability to obtain the relief necessary to protect and maximize the public shareholders' value and ensure

they have the material information necessary to cast an informed vote on the Proposed Transaction with CAI.

**C.    Expedited Discovery Will Allow Plaintiff to Establish Likelihood of Irreparable Harm on an Evidentiary Record**

In his preliminary injunction motion, Plaintiff will argue that BlueLinx's shareholders will be irreparably harmed if they are forced to tender their shares in the Tender Offer without receiving all material information. *In re Transkaryotic Therapies Inc.*, 954 A.2d 346 (Del. Ch. 2008) (citing numerous cases where Delaware Chancery Court has held that a violation of the duty of disclosure constitutes irreparable harm). By this motion, Plaintiff seeks narrowly tailored documents that will be used to establish that Plaintiff will suffer irreparable harm.

In particular, Plaintiff seeks the Board minutes and banker books (*see infra* at Section III.D) to demonstrate that the Board relied on material information in agreeing to recommend the Proposed Transaction, which shareholders need in order to make an informed decision to tender their shares to CAI or seek to exercise their appraisal rights under Delaware law. *Wayne Cnty. Emps. Ret. Sys. v. Corti*, 954 A.2d 319, 330 (Del. Ch. 2008) ("to establish a likelihood of success on the merits of a disclosure claim, a plaintiff 'must allege that facts are missing from [the proxy] statement, identify those facts, state why they meet the materiality standard and how the omission caused injury'") (internal citations omitted).

**D.     The Expedited Proceedings Sought Here
        Are Not Burdensome Because Plaintiff Requests
        Only Limited and Narrowly Focused Discovery**

In balancing the relative importance of the discovery sought against the hardship of production, the critical importance of the discovery outweighs any inconvenience to any defendant or non-party.  The defendants have received the Complaint and have been informed of Plaintiff's request to expedite discovery and the specific limited discovery Plaintiff seeks.  Plaintiff's discovery requests are limited and narrowly focused to documents and testimony regarding the Board's decision to approve the Proposed Transaction, and such discovery would pose little burden to the defendants.  Notably, the Board is in possession of any analyses concerning the Proposed Transaction and all other documents relevant thereto. Thus, these documents are readily available to the defendants to produce to Plaintiff.  Accordingly, the burden on the defendants in producing documents and witnesses for deposition on an expedited basis will be minimal.

Specifically, Plaintiff requests the following limited discovery from the defendants:

        (a)     Production of minutes from any meetings attended by any member of the Board, including meetings at which the Proposed Transaction or any other potential strategic transactions were discussed.

(b)     Production of all communications or documents concerning the financial advisors retained in connection with the Proposed Transaction.   This request includes, but not limited to, retainer agreements, fairness opinions, banker books and any drafts thereof, presentation documents, and documents or information sufficient to identify the assumptions and calculations that formed the basis for the financial advisors' analyses.

(c)     Production of all financial projections prepared by BlueLinx management during the past 12 months, including, but not limited to, projections provided to any investment bankers or financial advisors in connection with any fairness opinion(s) provided in connection with the Board's consideration of the Proposed Transaction.

(d)     Production of all presentation documents prepared by BlueLinx management or any bankers or financial advisors concerning the Proposed Transaction or any other potential strategic transaction, merger, or transaction.

(e)     Production of any valuations prepared assessing the value of BlueLinx as an enterprise, or BlueLinx' stock, in the past 12 months.

(f)     Production sufficient to identify any benefits to be received by any officer, director, or member of management of BlueLinx in connection with the Proposed Transaction, including, but not limited to, stock grants, retention payments, and consulting agreements.

(g)     Deposition of the person most knowledgeable from the Company regarding the Proposed Transaction and any other potential strategic transactions considered by the Board during the past 24 months.

(h)     Deposition of a member of the Company's Special Committee.

(i)     Deposition of the person most knowledgeable from Citadel regarding the Proposed Transaction.

(j)     Deposition of the person most knowledgeable from CAI regarding the Proposed Transaction.

The production of such discovery on an expedited basis will ensure the prompt and efficient disposition of this litigation.

In sum, Plaintiff seeks: (i) an order requiring the defendants to produce the documents set forth herein; (ii) an order requiring the defendants and one non-party to appear for depositions as noticed by Plaintiff or as otherwise reasonably agreed upon by counsel for the parties; and (iii) a briefing schedule on Plaintiff's preliminary injunction motion and a hearing date for the motion to be set at the Court's discretion prior to the expiration of the Tender Offer.

## IV.    <u>CONCLUSION</u>

For the reasons stated above, Plaintiff respectfully requests that the Court allow expedited proceedings as detailed herein.

Dated: October 1, 2010                    **HOLZER HOLZER & FISTEL LLC**

                                         ___s/Marshall P. Dees_____
                                         Corey D. Holzer
                                         Georgia Bar Number: 364698
                                         Michael I. Fistel, Jr.
                                         Georgia Bar Number: 262062
                                         Marshall P. Dees
                                         Georgia Bar Number: 105776
                                         William W. Stone
                                         Georgia Bar Number: 273907
                                         200 Ashford Center North
                                         Suite 300
                                         Atlanta, Georgia 30338
                                         Telephone:   770-392-0090
                                         Facsimile:   770-392-0029

OF COUNSEL:

**FARUQI & FARUQI, LLP**
David H. Leventhal
369 Lexington Ave., 10th Floor
New York, NY 10017
Tel: 212-983-9330
Fax: 212-983-9331

14

## CERTIFICATE OF SERVICE AND TYPE

Pursuant to Local Rule 7.1D, the undersigned counsel for Plaintiff hereby certifies that the foregoing has been prepared with a font size and point selection (Times New Roman, 14 pt.) which was approved by the Court, and that on this 1st day of October, 2010, the foregoing was electronically filed with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to the counsel of record.

                                     ___s/Marshall P. Dees_____

                                     Marshall P. Dees