# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA

| | |
|---|---|
| AJAY KAJARIA, Individually an On Behalf of All Others Similarly Situated, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) Case No.: 1:10-CV-03141-JOF<br>) |
| HOWARD S. COHEN, RICHARD S. GRANT, GEORGE R. JUDD, CHARLES H. McELREA, RICHARD B. MARCHESE, STEVEN F. MAYER, ALAN H. SCHUMACHER, MARK A. SUWYN, ROBERT G. WARDEN, M. RICHARD WARNER, BLUELINX HOLDINGS INC., CERBERUS ABP INVESTOR LLC and CERBERUS CAPITAL MANAGEMENT, L.P., | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |
| Defendants. | ) |

## CERBERUS' OPPOSITION TO PLAINTIFFS' MOTION TO EXPEDITE PROCEEDINGS AND SUPPORTING MEMORANDUM OF LAW

## INTRODUCTION

Defendants Cerberus ABP Investor LLC and Cerberus Capital Management LP (collectively "Cerberus") announced its tender offer for the remaining shares in BlueLinx Holdings Inc. ("BlueLinx") on July 21, 2010. The tender offer was commenced on August 2, 2010 and has been extended a number of times. The tender offer contains numerous safeguards to protect the shareholders of BlueLinx,

as suggested by Delaware Law. Plaintiff, by his actions and purporting to act on behalf on thousands of shareholders, seeks to jeopardize the tender offer during this eleventh hour while offering only dubious benefit in return.

## ARGUMENT

### A. This is the Tenth Lawsuit and Fifth Request for Expedited Discovery

The initial suit against the tender offer was brought by these same lawyers in Fulton County before the tender offer was even launched. The case was withdrawn due to improper venue. **See Exhibit 5.**

In the meantime, four cases were filed in the Superior Court of Cobb County. Those cases, assigned to Judge Schuster, were eventually consolidated. There were two motions heard, first to expedite discovery, which was denied by Judge Ingram on August 16, 2010. **See Exhibit 1.** Plaintiff made another run at it before Judge Schuster and moved for preliminary injunction and expedited discovery. Those motions were denied on September 1, 2010. **See Exhibit 2.**

In addition, a case had been filed against Cerberus in the New York Supreme Court which sought expedited discovery. That motion was heard on August 31, 2010, and, at the strong suggestion of the presiding judge in that case, the motion was withdrawn. **See Exhibit 3.**

Three cases also have been filed in Delaware Chancery Court. Those cases have now been consolidated. There was a motion for expedited discovery which was denied by Vice Chancellor Laster on August 19, 2010. **See Exhibit 4.**

The Cobb Superior Court judge followed the lead of Vice Chancellor Laster in noting that Plaintiff had a remedy in damages, therefore he would not be entitled to injunctive relief. Since there is no need for injunctive relief, there was no need for expedited discovery. In addition, the Vice Chancellor recognized the proceedings such as those suggested by the purported class representatives could jeopardize the ability of the shareholders to tender their shares and receive a premium. **See Exhibit A to BlueLinx Memorandum (transcript).**

**B.    The Tender Offer is Procedurally and Substantively Fair**

The Plaintiff fails to note that the current tender offer price of $4.00 per share, which was negotiated by an independent committee of the board of directors, is a premium of 59.4% over the pre-tender offer share price. The offer has been recommended by a special committee of independent directors after substantial study by the committee and its financial and legal advisors. A tender offer, unlike a merger, gives each shareholder the ability to decline the tender if they so choose. Furthermore, an important safeguard is included in a non-waiveable condition of the tender offer that a majority of the outstanding shares are

tendered, or no shares will be purchased.

A good part of Plaintiff's complaint has been copied virtually word for word from many of the nine other complaints that have been filed. To the extent that the Plaintiff seeks to bring a breach of fiduciary duty claim, he is late in that those claims are being processed by the Delaware Chancery Court which has indicated that, to the extent that the Plaintiff can survive a motion to dismiss and can show a breach of fiduciary duty, the transaction would be subject to a damage remedy. It has been found on multiple occasions that this putative class of shareholders is not entitled to injunctive relief for a breach of fiduciary duty. Nothing has occurred that would call for an inconsistent result in this action, including the assertion of claims pursuant to Sections 14(d)(4) and 14(e), which are no more than recharacterized breach of fiduciary duty claims.

### C.   Plaintiff's Allegations of Non-Disclosure Are Not Material

The Williams Act was enacted to prevent false and misleading statements in connection with a tender offer, including the omissions of material facts necessary to make statements made not misleading. Here, Plaintiff alleges the omission of several facts, but for the reasons set forth in the BlueLinx Defendants' Memorandum in Opposition to Plaintiff's Motion to Expedite Proceedings (the "BlueLinx Opposition"), either the alleged omissions were not, in fact, omissions,

or they were not material. Moreover, a Williams Act claim will not lie where it is nothing more than a dressed up state law breach of fiduciary duty claim. The fact that Plaintiff's Williams Act claim mirrors the allegations of his state law breach of fiduciary duty claim, not only demonstrates that Plaintiff's William Act claim fails to state a federal claim, but also that his request to expedite should be denied for the same reason that the prior four motions to expedite have been denied -- there is an adequate remedy at law.

Section 14(e) of the Act provides as follows:

> It shall be unlawful for any person to make any untrue statement of a material fact or omit to state any material fact necessary in order to make the statements made, in the light of the circumstances under which they are made, not misleading, or to engage in any fraudulent, deceptive, or manipulative acts or practices, in connection with any tender offer or request or invitation for tenders, or any solicitation of security holders in opposition to or in favor of any such offer, request, or invitation.

15 U.S.C. § 78n(e).

The purpose of the Williams Act is to place pertinent information regarding an offer before the shareholders of the target company and then allow those shareholders to decide the merits of that offer for themselves. *Schreiber v. Burlington Northern*, 472 U.S. 1 (1985). Perfection in disclosures is not required. The facts omitted must be material:

> "'Material facts include those which affect the probable future of the company and those which may affect the desire of investors to buy, sell, or hold the company's securities.' *SEC v. Mayhew,* 121 F.3d 44, 52 (2d Cir.1997) (quoting *SEC v. Texas Gulf Sulphur Co.,* 401 F.2d 833, 849 (2d Cir.1968) (en banc)). This includes facts "which in reasonable and objective contemplation might affect the value of the corporation's stock or securities." *Id.* At 849 (quoting *List v. Fashion Park, Inc.,* 340 F.3d 457, 462 (2d Cir.1965)); *see also Scientific Computers, Inc. v. Edudata Corp.,* 599 F.Supp. 1092, 1098-99 (D.Minn.1984) (The standard … contemplate[s] … a showing of substantial likelihood that, under all the circumstances, the omitted fact would have assumed actual significance in the deliberations of the reasonable shareholder. Put another way, there must be a substantial likelihood that the disclosure of the omitted fact would have been viewed by the reasonable investor as having significance altered the "total mix" of information made available.") (quoting *Prudent Real Estate Trust v. Johncamp Realty, Inc.*, 599 F.2d. 1140, 1147 (2d Cir.1979)). "Whether or not any particular fact is material is a determination which clearly cannot be made in a vacuum. Each individual case must be viewed as a discrete set of circumstances and judged on its own unique facts." *Berman v. Gerber Prods. Co.,* 454 F.Supp. 1310, 1320-22 (W.D.Mich.1978). But there must be a substantial likelihood that the disclosure of the omitted fact would have been viewed by the reasonable investor as having significantly altered the "total mix" of information made available. *TSC Indus., Inc. v. Northway,* 426 U.S. 438, 449 (1976)."

*Casey's General Stores v. Alimentation Couche-Tard, Inc.*, 2010 WL 3604097 (S.D.Iowa 2010).

Thus, contrary to Plaintiff's suggestion, it is not the role of the courts to subject every tender offer to nitpicking judicial scrutiny which will, in the long run, injure shareholders by preventing them from taking advantage of favorable offers. Rule 14D-9, a regulation enacted by the Securities and Exchange Commission

6

under the Williams Act, sets the standard that the disclosure should not omit or misrepresent material or objective factual matters.

An examination of the claims in the Plaintiff's complaint and in his motion indicate that nitpicking was what the Plaintiff seeks to do in this case. As an SEC reporting company, BlueLinx has been required to file quarterly, annual and other reports as mandated. Those disclosures have caused the market to evaluate its prospects at a share price of $2.51 in July 2010. Cerberus provided additional data in its original tender offer documents on August 2, 2010 as mandated by the SEC. The Special Committee and the board of directors filed a lengthy comprehensive document, a Schedule 14D-9, on September 27, 2010. That document provides significant detail of the data examined by the Special Committee, including a lengthy discourse of the procedures gone through by the financial advisor.

The Plaintiff's alleged non-disclosures concern matters of detail that cannot seriously be considered important to the average investor. The complaint asks questions, such as why did Citadel Securities use certain multiples? How did it do its discounted cash flow and did it consider stock-based compensation? In fact, the Plaintiff seeks an encyclopedia of data without providing any guidance on why the data matters or should matter to the deliberations of a reasonable shareholder who already has access to mountains of data about BlueLinx.

The Delaware disclosure standards, which are discussed in detail in the BlueLinx Opposition, track the federal standards. (BlueLinx Opposition at 16-19.) In *Abrons v. Maree,* 911 A.2d 805 (Del. Ch. 2006), the Court held that alleged omissions from a supplemental disclosure in a tender offer were not material as a matter of law, and were therefore insufficient to make the required showing of a reasonable likelihood of success so as to warrant a preliminary injunction of the transaction. *Id.* At 815-16. In so holding, the Court specifically noted that "[t]he objective materiality standard applied by Delaware courts is derived from that articulated by the United States Supreme Court in *TSC Indus., Inc. v. Northway.* As such, Delaware mirrors federal law on materiality." *Id.* At 812-13 (citations omitted); *see also Rosenblatt v. Getty Oil Co.,* 493 A.2d 929 (Del. 1985) ("[I]t is clear from Delaware cases that the materiality standard of *TSC Indus, Inc. v. Northway, Inc. ...applies*" to disclosure claims under Delaware law) (citations omitted).

Moreover, Plaintiff here relies on the same facts to assert both a Delaware breach of fiduciary duty claim and a claim under Sections 14(d) and 14(e) of the Exchange Act. Plaintiff thus presents a breach of fiduciary duty claim that is insufficient to support a separate claim under the federal securities laws. *See Field v. Trump*, 850 F.2d 938, 947 (2d Cir. 1988). Not only does this show that Plaintiff

is unlikely to prevail on the merits, but it also shows that the addition of the Williams Act claim does not present a basis for departing from the conclusion of the prior courts' determination that there is no reason to expedite this proceeding.

### D.  The Type of Discovery Plaintiff Seeks Undermines His Claims

Significantly, the documentation sought by the Plaintiff on an expedited basis is not directed at the methodology of Citadel Securities, but rather at the price of the stock.  In other words, Plaintiff seeks evidence for a damage case.  He seeks board minutes, inter-company communications, BlueLinx financial projections, valuations prepared by third parties, presentations prepared by BlueLinx management, and information about benefits to any officer, director or member of management.  Those requests are heavily weighted in furtherance of a damage claim.  But, as four judges have decided, expedited discovery is not appropriate in pursuit of a damages case.

Plaintiff is not entitled to expedited discovery.  Plaintiff indicates that in some circumstances, expedited discovery is appropriate in a preliminary injunction context.  He notes that Delaware courts often allow it without acknowledging that the Delaware Chancery Court did not allow it in this transaction.

For that reason and the reasons set forth in the BlueLinx memorandum, this

9

motion should be denied.

Respectfully submitted this 5th day of October, 2010.

                          WOMBLE CARLYLE SANDRIDGE & RICE, PLLC

                          */s/ John G. Despriet*
                          John G. Despriet
                          Georgia Bar Number 219437
                          271 17th Street, NW, Suite 2400
                          Atlanta, Georgia  30363-1017

Of Counsel:    Howard O. Godnick
                      Michael E. Swartz
                      SCHULTE ROTH & ZABEL LLP
                      919 Third Avenue
                      New York, New York  10022

                      ***Counsel for Cerberus ABP Investor LLC and Cerberus Capital Management, L.P.***

## CERTIFICATE OF SERVICE

I certify that a copy of the within and foregoing **CERBERUS' OPPOSITION TO PLAINTIFFS' MOTION TO EXPEDITE PROCEEDINGS AND SUPPORTING MEMORANDUM OF LAW** has been served via CMF/ECF to the following counsel of record:

>Corey D. Holzer
>Michael I. Fistel, Jr.
>Marshall P. Dees
>William W. Stone
>>HOLZER HOLZER & FISTEL, LLC
>
>David H. Leventhal
>>FARUQI & FARUQI, LLP
>
>>Counsel for Plaintiff
>
>Todd R. David
>>ALSTON & BIRD LLP
>>Counsel for Defendants Bluelinx Holdings, Inc., Cohen, Judd, McElrea, Mayer, Suwyn, Warden, and Warner

Other known counsel for parties have also been served with the foregoing notice of appearance.

>Michael J. McConnell
>>JONES DAY
>>Counsel for Grant, Marchese, and Schumacher

This 5th day of October, 2010.

>>*/s/ John G. Despriet*
>>John G. Despriet