# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA

| | |
|---|---|
| AJAY KAJARIA, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>HOWARD S. COHEN, RICHARD S. GRANT, GEORGE R. JUDD, CHARLES H. McELREA, RICHARD B. MARCHESE, STEVEN F. MAYER, ALAN H. SCHUMACHER, MARK A. SUWYN, ROBERT G. WARDEN, M. RICHARD WARNER, BLUELINX HOLDINGS INC., CERBERUS ABP INVESTOR LLC and CERBERUS CAPITAL MANAGEMENT, L.P.,<br><br>Defendants. | Case No. 1:10-cv-03141-JOF |

**PLAINTIFF'S REPLY IN FURTHER SUPPORT OF MOTION FOR AN AWARD OF ATTORNEYS' FEES AND EXPENSES FOR BENEFIT CONFERRED AND MOTION FOR DISMISSAL OF ACTION AS MOOT**

## TABLE OF CONTENTS

I. INTRODUCTION ........................................................................................1

II. ARGUMENT ...............................................................................................2

    A. Plaintiff's Counsel are Entitled to an Award of Fees .......................2

        1. The Filing of the Lawsuit Resulted in an
Undeniable Benefit for BlueLinx Shareholders ................................3

            a. The Information Referred to in
Amendment No. 3 Was Material ...................................................3

            b. Material Information Regarding Citadel's Analysis was
Inadequately Disclosed .................................................................5

        2. The Complaint Was Meritorious When Filed ...................................9

        3. The Benefit to Shareholders was the Direct Result
of the Filing of the Litigation ............................................................9

    B. Plaintiff's Counsel Requested Fee is Reasonable and is
Modest in Relation to Comparable Fee Awards ............................11

IV. CONCLUSION ..............................................................................13

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Behrens v. United Investors Management Co.*,
    No. 12876, 1993 Del. Ch. LEXIS 217 (Del. Ch. Oct. 1, 1993) ............................ 4

*Blanchette v. Providence & Worcester Co.*,
    428 F. Supp. 347 (D. Del. 1977) .................................................................... 6

*Gould v. American Hawaiian Steamship Co.*,
    331 F. Supp. 981 (D. Del. 1971), *aff'd in relevant part*, 535 F.2d 761
    (3rd Cir. 1976) .......................................................................................... 6, 7

*In re Netsmart Techs., Inc. S'holders Litig.*,
    924 A.2D 171 (Del. Ch. 2007) ....................................................................... 4

*In re Sauer-Danfoss Inc. S'holders Litig.*,
    C.A. No. 5162-VCL, 2011 Del. Ch. LEXIS 64
    (Del. Ch. April 29, 2011) ......................................................................... 11, 12

*In re Staples, Inc. S'holders Litig.*,
    792 A.2d 934 (Del. Ch. 2001) ....................................................................... 4

*Kohn v. American Metal Climax, Inc.*,
    322 F. Supp. 1331 (E.D. Pa. 1970) ................................................................ 7

*Marie Raymond Revocable Trust v. MAT Five LLC*,
    C.A. No. 3843-VCL, 2008 Del. Ch. LEXIS 77 (Del. Ch. June 26, 2008) ........... 5

*National Home Products, Inc. v. Gray*,
    416 F. Supp. 1293 (D. Del. 1976) .................................................................. 6

*Orman v. Cullman*,
    794 A.2d 5 (Del. Ch. 2002) ............................................................................ 7

*San Antonio Fire & Police Pension Fund v. Bradbury*,
    C.A. No. 4446-VCN, 2010 Del. Ch. LEXIS 218 (Del. Ch. Oct. 28, 2010) ... 9-10

*United Vanguard Fund, Inc. v. Takecare, Inc.*,
   727 A.2d 844 (Del. Ch. 1998) ..............................................................................9

*Werner v. Werner*,
   267 F.3d 288 (3d Cir. 2001) .................................................................................6

*Wolf v. Assaf*,
   C.A. No. 15339, 1998 Del. Ch. LEXIS 101 (Del. Ch. June 16, 1998) ................7

**OTHER AUTHORITIES**

Local Rule 7.1D .................................................................................................14

## I. INTRODUCTION

Because Plaintiff adequately demonstrates that: (a) the initiation and prosecution of the above-captioned action led to a benefit to BlueLinx [1] shareholders by alerting shareholders to previously inadequately disclosed material information regarding the Tender Offer, (b) Plaintiff's action was meritorious when filed, and (c) the issuance of information to BlueLinx shareholders was causally related to initiation of the action, Plaintiff's counsel are entitled to an award of reasonable attorney's fees.

The issuance of Amendment No. 3 pointed BlueLinx shareholders directly to critical information regarding the analysis undertaken by BlueLinx's financial advisor, Citadel, in rendering its fairness opinion on the Tender Offer. This information was necessary for BlueLinx shareholders to be able to determine whether to tender their shares in the Tender Offer. While this critical information previously had been publically disclosed in exhibits to BlueLinx Schedule 13E-3 filed with the SEC on September 27, 2010 ("Schedule 13E-3"),[2] the information was buried instead of being disclosed directly in the Amended Recommendation

---

[1] Unless otherwise stated, all capitalized terms herein shall have the same meaning as the defined terms set forth in Plaintiff's Motion for an Award of Attorneys' Fees and Expenses for Benefit Conferred and Motion for Dismissal of Action as Moot. (Docket 20).

[2] Exihibit (C)(2) to the Schedule 13E-3 is attached hereto as Exhibit A.

Statement,[3] and thus amounted to material omission under the buried fact doctrine. It is undeniable that Plainitff's action was meritorious when filed. It is also undeniable that the Plaintiff's action was the sole reason for the issuance of Amendment No. 3. Accordingly, Plaintiff's counsel is entitled a reasonable fee award.

Because Defendants are unable to challenge the number of hours spent by Plaintiff's counsel in litigating this action, the hourly rates of Plaintiff's counsel, or the amount of expenses incurred, Defendants try to challenge the reasonableness of Plaintiff's counsel's fee request on the basis of valuing the benefit achieved here, but this challenge too must fail. Plaintiff's counsel's request for $175,000 in attorney's fee and reimbursement of expenses is extremely modest in relation to awards of fees granted to counsel where similar or less beneficial disclosures were obtained. Plaintiff thus respectfully requests that the fee application be granted and the action be dismissed as moot.

## II. ARGUMENT

### A. Plaintiff's Counsel are Entitled to an Award of Fees

Because Plaintiff and his counsel achieved a "substantial benefit" on behalf of BlueLinx shareholders, Plaintiff's counsel should receive an award of attorneys'

---

[3] Attached hereto as Exhibit B is the Schedule 14D-9 filed with the SEC on September 27, 2010 (the "Amended Recommendation Statement").

fees. (Docket 20, p. 8-10). As acknowledged by Defendants, attorney's fees may be awarded to a plaintiff's counsel if plaintiff can show: (1) "an action producing a benefit to the shareholders was taken by the defendants"; (2) "the suit was meritorious when filed"; and (3) "the resulting benefit to the shareholders was causally related to the plaintiff's lawsuit." (Docket 23, p. 9). Plaintiff adequately meets the requirements of all three prongs.

### 1. The Filing of the Lawsuit Resulted in an Undeniable Benefit for BlueLinx Shareholders

As a direct result of the initiation and litigation of this action, BlueLinx issued Amendment No. 3 which alerted BlueLinx shareholders to the existence of material and inadequately disclosed information necessary for them to determine whether to tender their shares in the Tender Offer. Accordingly, the action resulted in an undeniable benefit for BlueLinx shareholders.

#### a. The Information Referred to in Amendment No. 3 Was Material

BlueLinx shareholders received an undeniable benefit from the issuance of Amendment No. 3 because the amendment directed them to otherwise buried material information and allowed BlueLinx shareholders to become adequately informed regarding the analysis undertaken by the Company's financial advisor, Citadel, in opining on the fairness of the Tender Offer. As alleged in Plaintiff's

Complaint, the Amended Recommendation Statement failed "to disclose certain underlying methodologies, projections, key inputs and multiplies relied upon and observed by Citadel." (Complaint ¶55). Amendment No. 3 directed BlueLinx shareholders to the existence of publically available documents disclosing critical details regarding Citadel's analysis – details that were not disclosed in the Amended Recommendation Statement.

Defendants argue that Delaware law does not require the disclosure of the information regarding the analysis undertaken by Citadel, however, they are mistaken. (Docket No. 23, pp. 12-14). Indeed, as noted by the Delaware Chancery Court:

> Once a board broaches a topic in its disclosures, a duty attaches to provide information that is "materially complete and unbiased by the omission of material facts." For this reason, when a banker's endorsement of the fairness of a transaction is touted to shareholders, the valuation methods used to arrive at that opinion ***as well as the key inputs and range of ultimate values generated by those analyses must also be fairly disclosed. Only providing some of that information is insufficient to fulfill the duty of providing a "fair summary of the substantive work performed by the investment bankers*** upon whose advice the recommendations of the board as to how to vote . . . rely."

*In re Netsmart Techs., Inc. S'holders Litig.*, 924 A.2D 171, 203-204 (Del. Ch. 2007) (emphasis added). *See also In re Staples, Inc. S'holders Litig.*, 792 A.2d 934, 955-956 (Del. Ch. 2001) ("a clear explication" of valuation materials relied on

by financial advisors "is material because it can radically alter a reasonable investor's perception of the valuation material contained in the proxy statement"); *Behrens v. United Investors Management Co.*, No. 12876, 1993 Del. Ch. LEXIS 217, at *42 (Del. Ch. Oct. 1, 1993) ("When directors elect to secure the advice of professional investment advisors and when those advisors present the board with a study in support of an opinion on fairness, the background information thus acquired by the directors may be material to an evaluation of any transaction approved and thus may fall within the directors' disclosure obligations under state law"); *Marie Raymond Revocable Trust v. MAT Five LLC*, C.A. No. 3843-VCL, 2008 Del. Ch. LEXIS 77, at *13-15 (Del. Ch. June 26, 2008) (explaining that value of company assets and method by which defendants determined that value is material). Thus, the information in the Schedule 13E-3 that is referenced in Amendment No. 3 is exactly the type of information that is required to be disclosed under the circumstances here.

### b. Material Information Regarding Citadel's Analysis was Inadequately Disclosed

Defendants fail to acknowledge that for a material disclosure to be adequate, ***how*** the information is conveyed is as important as ***what*** is conveyed. Consequently, Defendants' attempt to ignore the undeniable benefit of the issuance of Amendment No. 3 fails. Defendants argue, without merit, that the issuance of

Amendment No. 3 added nothing to the "total mix" of information made available to BlueLinx shareholders. (Dkt. No. 23 at p. 10). While it is literally true that the material information referred to in Amendment No. 3 had been previously filed with the SEC, the information was inadequately disclosed under the buried fact doctrine and thus constituted a material omission.

"Under the 'buried facts' doctrine, a disclosure is deemed inadequate if it is presented in a way that conceals or obscures the information sought to be disclosed." *Werner v. Werner*, 267 F.3d 288, 297 (3d Cir. 2001) (reviewing cases applying buried fact doctrine and holding doctrine did not apply where description of stock plan at issue had been disclosed prominently in a letter enclosing an annual report, in the annual report itself, and in multiple annual reports issued thereafter). *See also Blanchette v. Providence & Worcester Co.*, 428 F. Supp. 347, 353 (D. Del. 1977) ("This was information which was important for the stockholders to have in deciding whether to accept the tender offer. Being information which was buried it did not satisfy the clarity of disclosure which the [Securities Exchange] Act [of 1934] requires."); *National Home Products, Inc. v. Gray*, 416 F. Supp. 1293, 1315-16 (D. Del. 1976) (finding proxy statement to be materially deficient where "[t]here was a substantial likelihood that in this case a reasonable shareholder, in studying the total 80 pages of the proxy statement and

financial statement would fail to correlate" facts concerning the disclosure of an inventory loss); *Gould v. American Hawaiian Steamship Co.*, 331 F. Supp. 981, 995-96 (D. Del. 1971) ("The various facts listed previously which the defendants contend adequately reveal any conflict are interspersed throughout the proxy materials and could be gleaned only through a close and prolonged perusal. Under the buried fact doctrine, such disclosures are insufficient."), *aff'd in relevant part*, 535 F.2d 761, 774 (3rd Cir. 1976); *Kohn v. American Metal Climax, Inc.*, 322 F. Supp. 1331, 1361 (E.D. Pa. 1970) ("[W]e have found certain facts to be 'buried' in the explanatory materials. These facts should have in some way been highlighted to insure that the shareholders were aware of them.").

Defendants curiously launch a half-hearted attack on the buried fact doctrine by burying their argument in a footnote to an exhibit to their opposition brief, thus proving the very logic behind the buried fact doctrine. (Docket 23-7 at p.2 n. 1). Only through diligent study of Defendants' brief was Plaintiff able to find this argument. Defendants merely cited to two cases which implicate the buried fact doctrine and which are readily distinguishable. In *Wolf v. Assaf*, C.A. No. 15339, 1998 Del. Ch. LEXIS 101, at *8-9 (Del. Ch. June 16, 1998), the court found no disclosure violation where plaintiff had complained that information contained in a form 10-K was omitted from a proxy when both forms had been mailed together to

shareholders. Here, BlueLinx shareholders were not mailed the Schedule 13E-3, nor did the Amended Recommendation Statement make reference to it. In *Orman v. Cullman*, 794 A.2d 5, 35 (Del. Ch. 2002), a proxy statement was deemed adequate where it explicitly incorporated other SEC filings by reference. Here, the Amended Recommendation Statement did not initially reference BlueLinx's Schedule 13E-9. Only due to the efforts of Plaintiff and his counsel was such a reference ultimately made to BlueLinx shareholders.

Because key information regarding the analysis undertaken by BlueLinx' financial advisor Citadel in rendering its fairness opinion to the Board was buried in a separate SEC filing to which BlueLinx shareholders were not even referred, the initial public disclosure of the information amounted to a material omission. In cases such as *Blanchette, National Home Products, Gould,* and *Kohn*, the courts found disclosure inadequate where it would have required extreme diligence by shareholder to pour through a voluminous filing in order to glean material information. Here, in contrast, even a diligent perusal of the Amended Recommendation Statement would not ultimately have led a BlueLinx shareholder to find BlueLinx's Schedule 13E-3 which contained Citadel's analysis and presentation materials. Such information was thus inadequately disclosed under the buried fact doctrine. Accordingly, BlueLinx shareholder received an important

benefit with the issuance of Amendment No. 3 which alerted them to the "buried" location of material information concerning the Tender Offer.[4]

### 2. The Complaint Was Meritorious When Filed

As argued, *supra*, the Amended Recommendation Statement failed to disclose material information concerning Citadel's analysis and the fact that such information was disclosed in BlueLinx's Schedule 13E-3 is irrelevant because such disclosure was not adequate under the buried fact doctrine. Plaintiff thus adequately alleged a meritorious claim for breach of Defendants' duty of disclosure.[5]

### 3. The Benefit to Shareholders was the Direct Result of the Filing of the Litigation

Defendants "bear the burden of demonstrating that there was *no* causal connection between the initiation of the lawsuit and *any* subsequent benefit to the shareholders." *United Vanguard Fund, Inc. v. Takecare, Inc.*, 727 A.2d 844, 852 (Del. Ch. 1998) (emphasis in original). "In order to rebut this presumption, [Defendants] 'have the burden of demonstrating that the lawsuit did not in any way cause [its] action.'" *San Antonio Fire & Police Pension Fund v. Bradbury*, C.A.

---

[4] Indeed, such a conclusion is implicit in the Court's ruling on Plaintiff's Motion to Expedite Proceedings. (Docket 13).
[5] The merit of Plaintiff's Complaint was implicitly recognized by the Court in its ruling on Plaintiff's Motion to Expedite Proceedings. (Docket 13).

9

No. 4446-VCN, 2010 Del. Ch. LEXIS 218, at *40 (Del. Ch. Oct. 28, 2010) citing *Alaska Elec. Pension Fund v. Brown*, 941 A.2d 1011, 1015 (Del. 2007). Defendants have failed to meet their burden here.

Defendants do not – as they cannot – argue that the litigation was not directly responsible for the issuance of Amendment No. 3. Indeed, the issuance of Amendment No. 3 was the explicit condition for the denial of Plaintiff's Motion to Expedite, and clearly directly caused by Plaintiff's action. (Docket 13). Instead, Defendants inexplicably argue that the expiration of the Tender Offer without acceptance of the tendered shares was not causally related to Plaintiff's action. (Docket 23 at p. 15-16). Plaintiff must only show that the action resulted in ***any*** benefit being achieved, *United Vanguard Fund, Inc.,* 727 A.2d at 852, and it is certainly possible that the filing of Plaintiff's action and the subsequent issuance of Amendment No. 3 was a contributing factor to the expiration of the Tender Offer. Thus, Defendants have not met their heavy burden in showing that the action did not in any way result in the expiration. Regardless, because it is incontrovertible that Plaintiff's action lead directly to the issuance of Amendment No. 3, Plaintiff more than adequately demonstrates that the benefit to BlueLinx shareholders was casually related.

### B. Plaintiff's Counsel Requested Fee is Reasonable and is Modest in Relation to Comparable Fee Awards

Defendants fail to challenge Plaintiff's counsel lodestar and expenses incurred in litigating the action. Instead, Defendants try to portray Plaintiff's counsel's fee request as unreasonable on the basis that the benefit achieved on behalf of BlueLinx shareholders is not comparable to more substantial fee awards. In fact, Plaintiff's counsel requested fee is not only reasonable, it is modest in relation to fees awarded in other cases for comparable disclosures. Defendants wrongly attempt to portray Plaintiff's counsel's motion as seeking compensation for "causing the company to file an amended disclosure that neither discloses new information nor corrects previously disclosed information." (Docket 23 at p. 18). Because the material information referred to in Amendment No. 3 was previously buried and not adequately disclosed to BlueLinx shareholders, its dissemination to shareholders through Amendment No. 3 amounts to a new disclosure. Accordingly, Plaintiff's counsel is entitled to fees comparable to those awarded in cases where meaningful disclosures were obtained.

A comprehensive analysis of fees awarded in cases where disclosures were made to shareholders in connection with a challenged proposed merger transaction was undertaken by Vice Chancellor Laster recently in *In re Sauer-Danfoss Inc. S'holders Litig.*, C.A. No. 5162-VCL, 2011 Del. Ch. LEXIS 64, at *54-55 (Del.

11

Ch. April 29, 2011). There, Vice Chancellor Laster noted that the Delaware Chancery Court had "often awarded fees of approximately $400,000 to $500,000 for one or two meaningful disclosures, such as previously withheld projections or undisclosed conflicts faced by fiduciaries or their advisors." *Id.*

As Defendants concede in Exhibit G to their opposition, Schedule 13E-3 addresses at least five omissions alleged by Plaintiff in his Complaint including detailed information regarding or constituting: a) Citadel's Comparable Company analysis, b) Citadel's Precedent Transaction Analysis, c) Citadel's Premia Paid Analysis, d) Citadel's Discounted Cash-Flow Analysis, and e) management projections of free cash flow including projections of capital expenditures and changes in working capital. (Docket 23-7). In addition, Schedule 13E-3 contains details regarding the selection of the discount rate used in Citadel's Discounted Cash-Flow Analysis which were not included in the Amended Recommendation Statement. *Compare* (Compl. ¶ 56) *with* (Amended Recommendation Statement, attached hereto as Exhibit A at p. 31) *and with* (Schedule 13E-3 at Exhibit (C)(2), attached hereto as Exhibit B at pp. 30, 34). Accordingly, the requested fee award

of $175,000 for multiple meaningful disclosures is extremely modest compared to awards of $400,000 to $500,000 for just one or two meaningful disclosures.[6]

## IV. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that an award of $175,000 for fees and expenses be granted and the action be dismissed as moot.

Dated: July 18, 2011

**HOLZER HOLZER & FISTEL, LLC**

/s/*Marshall P. Dees*
Corey D. Holzer
Georgia Bar Number: 364698
Michael I. Fistel, Jr.
Georgia Bar Number: 262062
Marshall P. Dees
Georgia Bar Number: 105776
William W. Stone
Georgia Bar Number: 273907
200 Ashford Center North, Suite 300
Atlanta, Georgia 30338
Telephone:  770-392-0090
Facsimile:   770-392-0029

---

[6]  Plaintiff and his counsel here were responsible for obtaining multiple, meaningful disclosures, and the requested fee of $175,000 is within the range of $75,000 and $225,000 that Vice Chancellor Laster found had been awarded for disclosures of even "questionable quality." *Sauer-Danfoss*, 2011 Del. Ch. LEXIS 64, at *55, 71, Appendix B.

**OF COUNSEL**:

**FARUQI & FARUQI, LLP**
David H. Leventhal*
Juan E. Monteverde
369 Lexington Ave., 10th Floor
New York, NY 10017
Tel: 212-983-9330
Fax: 212-983-9331

*admitted pro hac vice*

## CERTIFICATE OF SERVICE AND TYPE

Pursuant to Local Rule 7.1D, the undersigned counsel for Plaintiff hereby certifies that the forgoing has been prepared with a font size and point selection (Times New Roman, 14 pt.) which was approved by the Court, and that on this 18th day of July, 2011, the forgoing was electronically filed with the Clerk of Court using the CM/ECF system.

/s/Marshall P. Dees
Marshall P. Dees
Georgia Bar Number: 105776