# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA

| | |
|---|---|
| AJAY KAJARIA, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>HOWARD S. COHEN, RICHARD S. GRANT, GEORGE R. JUDD, CHARLES H. McELREA, RICHARD B. MARCHESE, STEVEN F. MAYER, ALAN H. SCHUMACHER, MARK A. SUWYN, ROBERT G. WARDEN, M. RICHARD WARNER, BLUELINX HOLDINGS INC., CERBERUS ABP INVESTOR LLC and CERBERUS CAPITAL MANAGEMENT, L.P.,<br><br>Defendants. | Case No. 1:10-cv-03141-JOF |

**PLAINTIFF'S NOTICE OF SUPPLEMENTAL AUTHORITY IN FURTHER SUPPORT OF PLAINTIFF'S MOTION FOR AN AWARD OF ATTORNEYS' FEES AND EXPENSES FOR BENEFIT CONFERRED AND MOTION FOR DISMISSAL OF ACTION AS MOOT**

Plaintiff respectfully submits this Notice of Supplemental Authority in Further Support of Plaintiff's Motion for an Award of Attorneys' Fees and Expenses for Benefit Conferred and Motion For Dismissal Of Action As Moot (Dkt. No. 20): *Witmer v. Dynegy, Inc.,* Cause No. 2010-50509 (District Court of Harris County, Texas, 234th Judicial District, July 20, 2011) (Order and Final Judgment awarding $1.63 million in attorneys' fees and expenses) (attached hereto as Exhibit A) ("*Witmer*").

*Witmer* is an action with a nearly identical procedural posture as the instant case. As Defendants' Opposition to Plaintiffs' Motion for An Award of Counsel's Fees and Reimbursement of Expenses in *Witmer* shows, plaintiffs there challenged the acquisition of Dynegy by Blackstone for an inadequate price with inadequate disclosures to Dynegy shareholders. *See* Defendants' Opposition to Plaintiffs' Motion for an Award of Counsel's Fees and Reimbursement of Expenses at 18 (attached hereto as Exhibit B). Dynegy made supplemental disclosures in a proxy statement and Dynegy shareholders subsequently voted against the proposed deal. *Id. at* 1.

Plaintiffs thereafter requested $1.63 million in attorneys' fees and expenses. *Id.* Defendants opposed plaintiffs' application arguing, among things, that plaintiffs' action was not meritorious when filed, the supplemental disclosures

were not material and the supplemental disclosures did not cause shareholders to vote against the deal. *Id.* at 3–15. The court, however, granted plaintiffs' fee application in full. *Witmer* at 1.

Here, under very similar facts, Plaintiff seeks approximately one-tenth of the award sought and granted in *Witmer*.

| | |
|---|---|
| Dated: July 28, 2011 | **HOLZER HOLZER & FISTEL, LLC** |
| | /s/Marshall P. Dees<br>Corey D. Holzer<br>Georgia Bar Number: 364698<br>Michael I. Fistel, Jr.<br>Georgia Bar Number: 262062<br>Marshall P. Dees<br>Georgia Bar Number: 105776<br>William W. Stone<br>Georgia Bar Number: 273907<br>200 Ashford Center North, Suite 300<br>Atlanta, Georgia 30338<br>Telephone: 770-392-0090<br>Facsimile: 770-392-0029 |

**OF COUNSEL**:

**FARUQI & FARUQI, LLP**
David H. Leventhal*
Juan E. Monteverde
369 Lexington Ave., 10th Floor
New York, NY 10017
Tel: 212-983-9330
Fax: 212-983-9331

*admitted pro hac vice

# CERTIFICATE OF SERVICE AND TYPE

Pursuant to Local Rule 7.1D, the undersigned counsel for Plaintiff hereby certifies that the forgoing has been prepared with a font size and point selection (Times New Roman, 14 pt.) which was approved by the Court, and that on this 28th day of July, 2011, the foregoing was electronically filed with the Clerk of Court using the CM/ECF system.

/s/Marshall P. Dees
Marshall P. Dees
Georgia Bar Number: 105776